| TWOODARD, J.,
concurring.
I respectfully concur from the majority’s opinion.
I agree with the majority opinion but believe that it is important to note the following alleged occurrences, which relate to the defendants’ “extreme and outrageous” conduct, since their basic premise and the trial court’s decision to grarit their summary judgment are based on a conclusion that Ms. King would not be able to prove “extreme and outrageous” conduct:
(1) Kelly Hardin wrote a memorandum to Mr. Bryant, suggesting that claims adjusters be assigned to specific territories, and she advised him that Ms. King’s symptoms had recently returned and had worsened in the time since he had become her supervisor. Thereafter, he'spoke with Ms. King and asked if she would have difficulty handling the rural territory. She told him that she might have some problems with the disease. Nevertheless, he assigned her to a rural territory which included DeRidder, Moss Bluff, and Westlake, justifying this by saying that the smaller type claims would allow her to improve her “estimatic” skills. The assignment resulted in her having to increase her medication and skip meals to avoid going to the bathroom.
[ g(2) At least once, Ms. King soiled her clothes on the way to work. She explained to her supervisors that this was the reason for her tardiness. Ms. Provenzano, allegedly, suggested to Mr. Bryant that he recommend Ms. King look for another job.
There is nothing more central to a person’s dignity and humanity than the primal functions of being able to eliminate when and how needed. Furthermore, no employee should ever have to suffer the humiliation of soiled clothes or having to hold her excrements for fear of losing her job. If these allegations prove to be true, certainly, Ms. King will have proved “extreme and outrageous” conduct.